Hyman, C. J.
Xavier Lambert, having a judgment against Philip Heelein, issued execution thereon, caused to be seized by Theodore Blanchard, sheriff, under the authority of the execution, a lot in the town of Plaque-mine, parish of Iberville, known as the “Iberville Hotel,” and also a frame building in front of the lot, occupied as a post-office and warehouse, and was proceeding to sell the same as the property of Heelein.
Benoist Keller, the plaintiff, obtained an injunction prohibiting Lambert and the sheriff from selling the property seized, on the ground that he was the owner of the same by a notarial act of sale made to him by Heelein, on the 9th day of August, 1860. He prayed that the property might be released from seizure, etc.
The defendant, Lambert, averred in answer that the sale was simulated and fraudulent, and prayed for the dissolution of the injunction, and for damages.
The District Judge rendered judgment against the defendants, perpetuating the injunction, and ordering the property seized to be released from seizure.
Frqm this judgment the defendant, Lambert, has taken an appeal.
*54 The evidence shows that Philip Heelein continued to remain on the property after the act of sale was passed.
Whenever the thing sold remains in the possession of the vendor, the law presumes that the sale is simulated, and as against third persons, this presumption must be rebutted by proof. C. C. 2156.
The price that plaintiff bought the property for was, in the act of sale, stated to be three thousand dollars. The act declared that hepaid $1,668, cash, as a part payment of the j>rice, and that for the remainder of the price, say $1,332, he bound himself to pay a mortgage of that amount on the property sold.
The act of sale made plaintiff responsible for this sum of $1,332, -which he was bound to pay, and if the statement of the payment of $1,668 was ■untrue, this assumption of the payment of $1,332 was a consideration, a price. Even if below the value of the property it was no less a price for the property sold, and there is proof that he paid a part of this price.
The payment of a price for a thing sold, less than that stated in the act of sale, does not make a simulated sale.
A simulated sale of a thing results when parties pass a formal act of sale of the thing, for which no price is given, nor intended to be given.
The evidence proves that there was a real sale of the property in controversy, by Heelein to plaintiff.
Defendant contends that the sale could produce no effect against him until the act of sale was recorded in the office of the Recorder of the parish of Iberville.
This position cannot be denied, (see the act entitled an act in relation to registry, approved March 15, 1855) but the act of sale was recorded in the office of the recorder (as shown by his certificate) on ihe 2d May, 1861.
The law considered that, as to third persons, the property was Heelein’s until the act of sale was recorded in the office of the recorder, and, therefore, any rights or. liens that a third person had acquired on the property, as against Heelein, before the act of sale was recorded, are valid.
There is no proof that defendant acquired any right or lien, by seizure or otherwise, on the property sold to plaintiffs, previous to the recording of the act of sale. Indeed there is no proof of seizure, except what the allegations of plaintiff establish, and they do not show that the seizure was made before the act of sale was recorded.
Defendant cannot seize real property sold by his debtor after the authentic act of the sale of the same is recorded, and when enjoined by the purchaser from Selling the property, set up the defense that the sale was fraudulent. Under such circumstances, his defense is confined to the question of simulation. He must resort to the direct action of nullity to set aside the sale because of fraud.
Judgment of the District Court is affirmed.
Labauve, J. recused.